# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 120-9-17 Vtec

---

Dybvig Wastewater & Water Supply Permit Amend. Application Appeal
(Permit No. WW-3-9978-1)

---

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion 2)

Filer:          Richard Dybvig

Attorney:       (self-represented litigant)

Filed Date:     December 28, 2017

Response in Opposition filed on 01/11/2018 by Attorney Marc D. Nemeth
for Appellant 14 Russell Road, LLC

**The motion is DENIED.**

Appellee/Applicant Richard Dybvig asserts that the Court should dismiss the present appeal from his amended wastewater and water supply permit, received from the Vermont Agency of Natural Resources ("ANR") on August 24, 2017, due to several procedural failings that his neighboring property owner—14 Russell Road, LLC ("Appellant")—committed in the filing of its Notice of Appeal.  For the reasons stated below, we decline to impose the ultimate sanction of dismissal.

As ANR correctly notes, the record before us reflects that Appellant timely filed its appeal of ANR's August 24, 2017 issuance of an amended permit.  An appeal from that permit determination would have had to have been filed by September 23, 2017 (the thirtieth day after the permit determination). 10 V.S.A. § 8504(a); V.R.E.C.P. 5(b)(1).  However, since September 23, 2017 was a Saturday, Appellant here had until Monday, September 25, 2017, to file a timely appeal.  V.R.C.P. 6(a)(1)(C).  Appellant filed its appeal electronically in the early morning of Sunday, September 24, 2017.  We therefore conclude that Appellant timely filed its Notice of Appeal.

However, Appellant ran into some difficulties when its attorney also attempted to submit an electronic payment of the appeal filing fee.  Appellant's attorney represents that he had difficulty with the electronic transmission of his payment for the filing fee, and held off on making the payment by check, so that he could be assured that his account had not been charged for an electronic payment.  The Court received Appellant's payment of the filing fee on October 10, 2017.

ANR also notes that Appellant failed to serve ANR or the other parties to this litigation with copies of Appellant's Notice of Appeal and other filings. ANR and the other parties to this action received copies of those filings from Court staff. To this date, Appellant has failed to explain this omission, even though the service requirement is explicitly stated in V.R.C.P. 5(b)(4)(B).

The Court conducted the initial conference, via telephone, on November 20, 2017; the Court sent out notice of this initial conference on November 8, 2017. When the Court attempted to reach Appellant's attorney via telephone for that conference, he was unavailable. When the other parties advised the Court at the November 20th conference that they still had not received copies of Appellant's September 24, 2017, Notice of Appeal and other filings, the Court advised that the Court Clerk would provide the other parties with copies. Copies of those initial filings were forwarded to the other parties by Court staff on November 21, 2017.

Lastly, Appellant was required to publish a copy of its Notice of Appeal in a local newspaper "within 10 days after serving" the other parties with a copy of its Notice of Appeal. Id. The Rule requires that service on the other parties must occur "[u]pon the filing of a notice of appeal . . .." Id. As noted above, Appellant's Notice of Appeal was filed on September 24, 2017; Appellant did not arrange for the newspaper publication of its Notice of Appeal until October 26, 2017. Appellant also provides little explanation for its delay in publication.

Our procedural rules provide that "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal." V.R.E.C.P. 5(b)(1). When an appellant does not complete some steps that are required after filing an appeal, this Court has the discretion to "take some action as the court deems appropriate, which may include dismissal of the appeal." Id. However, dismissal is inappropriate when there is a procedural defect in the notice of appeal that has been subsequently cured or opposing parties had actual notice of the appeal. See In re 114 College St. Permit Amendment, No. 227-09-06 Vtec (Vt. Envtl. Ct. Apr. 20, 2007) (Wright, J) (finding dismissal of a timely filed notice of appeal that did not include a statutorily required statement inappropriate because notice was sufficient, and the deficiency was subsequently cured); In re Hovey Act 250 Permit, No. 130-9-13 Vtec (Vt. Super. Envtl. Ct. Mar. 6, 2014) (Walsh, J) (finding dismissal of a timely filed notice of appeal that self-represented appellants failed to serve on interested parties inappropriate and affording appellants the opportunity to cure defects because appellant was confused regarding the rules of service and the interested parties had actual notice of the appeal) *aff'd* No. 2015-205, 2015 WL 7628685 (Vt. Supreme Ct. Nov. 1, 2015).

We remain concerned about Appellant's lack of explanation for why it did not timely serve the other parties, publish its Notice of Appeal, or pay the filing fee. The fact that Appellant's attorney felt it appropriate to file its extension of time request on an *ex parte* basis adds to our concern because there was no justification offered as to why the other parties should not have been provided with notice of this filing.

Nonetheless, we note that Appellant, or the Court, has cured all of the deficiencies concerning service, publication, and payment. We therefore decline to dismiss the pending appeal. For all these reasons, ANR's motion to dismiss is **DENIED**.

**So Ordered.**

Electronically signed on March 16, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Marc D. Nemeth (ERN 3675), Attorney for Appellant 14 Russell Road, LLC

Diane M. Sherman (ERN 4340), Attorney for the Vermont Agency of Natural Resources

Appellee/Applicant Richard Dybvig (self-represented)